IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 17-546 |
| | : | |
| JUAN RIVERA CLAUDIO | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                                       **May 23, 2022**

      A man admitted he intended to distribute substantial amounts of cocaine in August 2018 while serving state court parole for an earlier drug conviction. He faced up to eighty years in prison with a mandatory minimum incarceration of five years. He persuaded the United States to recommend a sentence of seventy to eighty-seven months if he admitted his conduct and pleaded guilty. Judge DuBois found the United States's recommendation "very favorable" to the man given the Judge thought the crimes warranted a harsher sentence. Judge DuBois sentenced the man to seventy-six months. The man, now thirty-six years old, returns today asking we grant him compassionate release due to his risk of harm from COVID-19 because of his hypertension and aging, his rehabilitation while incarcerated, and because he thinks he would not receive the same sentence today. His arguments lack merit. He is vaccinated, completely recovered from a December 2020 infection, and now the beneficiary of a COVID-19 booster shot. We commend his rehabilitation efforts but those steps do not warrant changing Judge DuBois's Order. We expect him to work towards improving his life following the sentence. The law has not changed since the man's February 2019 sentencing. He would face the same sentence today. We deny his motion for compassionate release.

I.  **Background**

Our grand jury charged Juan Rivera Claudio with conspiracy to possess with intent to distribute 500 grams or more of cocaine and attempt to possess with intent to distribute 500 grams or more of cocaine.[1]

Mr. Claudio pleaded guilty to both charges before Judge DuBois fewer than four years ago.[2] He admitted, as part of an agreed recommended sentence during the plea hearing, to arranging multiple kilograms of cocaine to be mailed from Puerto Rico to an apartment in the Rittenhouse section of Philadelphia. United States Postal Inspectors intercepted the package, sprayed it with "theft detection powder," and delivered it to the original address. Mr. Claudio's co-conspirator acquired the package once it arrived at the identified address in Rittenhouse and brought it to Northeast Philadelphia, where Mr. Claudio took the package. Agents arrested Mr. Claudio and his co-conspirator after they opened the package. The agents confirmed it contained cocaine. They seized $3,286 from Mr. Claudio's person and $2,000 from his car.

Mr. Claudio faced a maximum sentence of eighty years' imprisonment.[3] His charges carried mandatory minimum sentences of five years' imprisonment and four years' supervised release.[4] Mr. Claudio and the United States signed a plea agreement under Federal Rule of Criminal Procedure 11(c) in which the United States agreed to recommend a sentence of seventy to eighty-seven months' imprisonment.[5]

Judge DuBois accepted the plea agreement and sentenced Mr. Claudio to seventy-six months' imprisonment, followed by four years' supervised release.[6] Judge DuBois found the plea agreement "very favorable" and thought Mr. Claudio's "crimes warranted a more harsh punishment."[7] Judge DuBois noted Mr. Claudio committed the crimes at issue while on parole from a state-court judgment for similar drug crimes, warranting a "substantial sentence of incarceration" to deter Mr. Claudio from "committing further drug crimes."[8] Judge DuBois found

Mr. Claudio committed a "very serious crime" but received a "very good deal from the Government."[9]

Mr. Claudio is serving his sentence at FCI-Greenville in Illinois. He is now thirty-six years old.[10] He tested positive for COVID-19 in December 2020 and recovered.[11] He received the Moderna COVID-19 vaccine in March 2021.[12] He received a Pfizer booster shot on February 15, 2022.[13] He does not suffer from serious medical complications.

**II.    Analysis**

Mr. Claudio pro se moves for compassionate release.[14] Reading Mr. Claudio's pro se motion liberally,[15] he appears to raise three arguments for compassionate release: (1) his hypertension and aging place him at increased medical risk from contracting COVID-19, (2) his rehabilitation warrants his early release, and (3) if sentenced today, he would not have received the same sentence.

Congress allows us to reduce Mr. Claudio's sentence if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," we find "extraordinary and compelling reasons warrant such a reduction."[16] We may consider the Sentencing Guidelines to determine whether a petitioner presents "extraordinary and compelling reasons" to warrant a reduction in sentence.[17] We may also consider the Sentencing Commission's non-binding policy statement at U.S.S.G. § 1B1.13, which "sheds light on the meaning of extraordinary and compelling reasons."[18] It is Mr. Claudio's burden "to demonstrate that compassionate release is warranted."[19]

Mr. Claudio does not meet his burden to show compassionate release is warranted. He does not show he is particularly susceptible to serious illness or death from contracting COVID-19. He does not show his rehabilitation warrants release. And the sentencing laws have not changed since Judge DuBois sentenced Mr. Claudio.

3

**A. Mr. Claudio does not face increased risk from COVID-19.**

Mr. Claudio argues he faces increased risk of serious complications if he contracts COVID-19 because he suffers from hypertension and is aging (he is now thirty six years old). This claimed risk does not constitute an extraordinary and compelling reason for release.

It is by now well-settled "the existence of COVID-19 cannot alone justify compassionate release."[20] It is also well-settled COVID-19 vaccinations "are highly effective at preventing infection and . . . at reducing the severity of symptoms" from COVID-19 and its presently known variants.[21] COVID-19 may constitute an extraordinary and compelling reason for release only if a movant shows he is "particularly susceptible to serious illness or death" from contracting COVID-19, "usually as a result of one or more underlying comorbidities."[22] This requires an incarcerated person to show "he is unable to receive or benefit from a vaccine."[23] The proliferation of vaccines throughout the Bureau of Prisons means compassionate release motions based on COVID-19 "generally lack merit."[24] "[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."[25]

Mr. Claudio does not show the risk of contracting COVID-19 is an extraordinary and compelling reason for release. Mr. Claudio—who is vaccinated and boosted—does not show he is at increased risk of complications should he contract COVID-19. Mr. Claudio claims to "struggle with aging medical problems" and hypertension.[26] But he does not explain how these purported comorbidities displace the effectiveness of his vaccine and booster. Mr. Claudio is a relatively healthy, thirty-six-year-old man. Mr. Claudio has already recovered from a COVID-19 infection with no apparent side effects. FCI-Greenville, where Mr. Claudio is held, currently operates at a "COVID-19 Operational Level 3" to prevent the spread of COVID-19.[27] The facility uses social distancing, face coverings, and symptom screenings to slow the virus's spread.[28] Mr. Claudio is

one of the "vast majority" of incarcerated persons for whom COVID-19 does not constitute an extraordinary and compelling reason for release.[29]

### B. Mr. Claudio's rehabilitation is not an extraordinary and compelling reason for release.

Mr. Claudio claims he has rehabilitated while incarcerated. He argues he "has done everything in his power to rehabilitate himself as demonstrated by his genuinely exceptional accomplishments and meritorious prison record."[30] He argues he "has made a conscious decision to head down [a] road of self-betterment," making "exceptional strides in bettering himself."[31] He "unequivocally accepts responsibility for his criminal conduct."[32]

Mr. Claudio's rehabilitation does not constitute an extraordinary and compelling reason for release. We commend Mr. Claudio for his efforts towards rehabilitation. But we are not a parole board reducing sentences simply for good behavior while incarcerated; we must also find extraordinary and compelling reasons for release.[33] Rehabilitation may contribute to a finding of extraordinary and compelling reasons, but Mr. Claudio offers no evidence of his rehabilitation other than his own characterization of his efforts as "exceptional." These conclusory arguments do not persuade us to order Mr. Claudio's early release. Judge DuBois found Mr. Claudio committed "very serious crimes" by using the Postal Service to traffic large quantities of cocaine through Philadelphia while serving parole for a state drug conviction. Judge DuBois sentenced Mr. Claudio to seventy-six months to deter him from committing drug crimes. Mr. Claudio does not show his rehabilitation suffices to disturb Judge DuBois's sentencing rationale.

### C. Mr. Claudio would have received the same sentence if sentenced today.

Mr. Claudio argues we should reduce his sentence because he would not face a five-year mandatory minimum if sentenced today. Mr. Claudio is mistaken. Mr. Claudio pleaded guilty in August 2018 to conspiring to possess with intent to distribute 500 grams or more of cocaine, and

5

attempting to possess with intent to distribute 500 grams or more of cocaine. These crimes carried a five-year mandatory minimum sentence in 2018, and they carry the same five-year mandatory minimum sentence today.[34]

In any event, Mr. Claudio received a favorable sentence. Judge DuBois found Mr. Claudio received a "very good deal" from the United States. Judge DuBois accepted the parties' plea agreement. But he could have sentenced Mr. Claudio to eighty years' imprisonment because Mr. Claudio pleaded guilty to two crimes each carrying a forty-year maximum.[35] If sentenced today, Mr. Claudio might have received a much harsher sentence. His arguments regarding his sentencing do not persuade us to order his early release.

### III.  Conclusion

Judge DuBois sentenced Mr. Claudio in February 2019 to seventy-six months incarceration after he plead guilty to conspiring and attempting to deliver large quantities of cocaine. He today seeks an order reducing the term of his prison sentence. But the man presents no extraordinary and compelling reason persuading us to reduce his sentence. We deny his request.

---

[1] ECF Doc. No. 17. Our grand jury also charged Mr. Claudio with aiding and abetting the same offenses. *Id.*

[2] ECF Doc. No. 54.

[3] *Id.* at 3.

[4] *Id.* at 3.

[5] *Id.* ¶ 5.

[6] ECF Doc. No. 70 at 2–3.

[7] *See* ECF Doc. No. 86 at 49 (N.T. Feb. 19, 2019 Sentencing at 48:21–25).

[8] *Id.* at 49 (N.T. May 13, 2022 Sentencing at 49:12–21).

[9] *Id.* at 50 (N.T. May 13, 2022 Sentencing at 50:2, 50:13–14).

---

[10] ECF Doc. No. 91 at 2.

[11] *Id.* at 57.

[12] *Id.* at 60.

[13] *Id.* at 18.

[14] ECF Doc. No. 74.

[15] *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 340 (3d Cir. 2011), *as amended* (Sept. 19, 2011).

[16] 18 U.S.C. § 3582(c)(1)(A) (citing 18 U.S.C. § 3553(a)).

[17] *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021).

[18] *Id.*

[19] *United States v. Singh*, 525 F. Supp. 3d 543, 549 (M.D. Pa. 2021).

[20] *Id.* at 546; *see also United States v. Roeder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020) ("[T]he existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit.").

[21] *United States v. Johnson*, No. 18-578-1, 2022 WL 901468, at *4 (D.N.J. Mar. 28, 2022); *see also United States v. Gatson*, No. 13-705, 2022 WL 1269785, at *2 (D.N.J. Apr. 28, 2022) (vaccines effective against "Delta and other variants"); *United States v. Hannigan*, No. 19-373, 2022 WL 815449, at *15 (E.D. Pa. Mar. 17, 2022) ("Even in the era of the highly transmissible omicron variant, Moderna vaccination and booster shot is highly effective against severe illness.") (and compiling cases).

[22] *Singh*, 525 F. Supp. 3d at 546.

[23] *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

[24] *United States v. Reed*, No. 18-0078, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021).

[25] *Broadfield*, 5 F.4th at 803.

[26] ECF Doc. No. 74 at 8. The United States notes Mr. Claudio's medical records show he is obese. But Mr. Claudio does not cite this purported condition in his motion. Because it is Mr. Claudio's burden to show factors warranting release, we need not consider his purported obesity. But even assuming he is obese, this does not constitute an extraordinary and compelling reason for release because he is vaccinated.

---

[27] *See* Federal Bureau of Prisons, *FCI Greenville*, available at https://www.bop.gov/locations/institutions/gre/ (last visited May 23, 2022).

[28] *See* Federal Bureau of Prisons, *COVID-19 Modified Operations Plan & Matrix*, available at https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited May 23, 2022).

[29] *Broadfield*, 5 F.4th at 803.

[30] ECF Doc. No. 74 at 6.

[31] *Id.*

[32] *Id.*

[33] *See, e.g.*, *United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) (an incarcerated person's rehabilitation does not deserve "substantial weight" in determining extraordinary and compelling reasons for reasons "unless there is something exceptional about that rehabilitation").

[34] *See* 21 U.S.C. § 841(b)(1)(B)(ii) (imposing a "term of imprisonment which may not be less than 5 years"); 21 U.S.C. § 846 (same penalties apply for conspiracy and attempt).

[35] *See* 21 U.S.C. § 841(b)(1)(B)(ii) (maximum sentence of forty years).